IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RICHARD CRAIG ROONEY, Fed. Reg. No. 31655-380, Movant, v. UNITED STATES OF AMERICA, Respondent. | § § § § § § § § § | EP-16-CV-26-DB EP-14-CR-213-DB-1 |

## MEMORANDUM OPINION AND ORDER

Before the Court are Movant Richard Craig Rooney's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (ECF No. 360),[1] the Government's response and cross-motion to reinstate the indictments (ECF No. 375), Rooney's reply (ECF No. 379), and the Government's sur-reply (ECF No. 392). In his motion, Rooney challenges the thirty-month sentence imposed by the Court after he pleaded guilty to participating personally and substantially as a Government officer in acts affecting a personal financial interest. Rooney alleges the sentence exceeded the statutory maximum and his counsel provided constitutionally ineffective assistance. In its response, the United States of America ("the Government") avers Rooney's motion establishes he did not knowingly and voluntarily enter his plea and he has repudiated the plea agreement. The Government asks the Court to set aside the plea and reinstate the indictments. For the reasons outlined below, the Court will grant Rooney's § 2255 motion and enter a separate order imposing a new sentence.

## BACKGROUND AND PROCEDURAL HISTORY

Between 2002 and 2010, Rooney practiced orthopedic medicine while a physician on

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-14-CR-213-DB-1.

active duty in the United States Army at the Carl R. Darnall Army Medical Center ("CRDAMS") at Fort Hood, Texas, and the William Beaumont Army Medical Center ("WBAMC") at Fort Bliss, Texas. Beginning in 2005 and continuing until 2010, Rooney also worked as a consultant with Altiva Corporation, a medical device company specializing in developing, manufacturing, and marketing spinal implant devices. Then in 2008, Rooney formed his own medical device company, Allure Spine, LLC. Rooney received compensation from these companies based, in part, on a percentage of the net sales of products created with his assistance. Without disclosing his financial interests in these companies, Rooney requested, and the Army purchased, approximately $7,000,000 in surgical spinal implant products and at least $650,000 in bone stimulators from Altiva and Allure.

After an investigation by the U.S. Department of Defense Criminal Investigative Service and the Federal Bureau of Investigation, a federal grand jury in El Paso, Texas, returned a sixty-seven count second superseding indictment charging Rooney and others with conspiracy to obtain illegal remunerations from federal health care programs, obtaining illegal remunerations from federal health care programs and aiding and abetting, conspiracy to commit wire fraud, wire fraud and aiding and abetting, conspiracy to launder monetary instruments, laundering monetary instruments and aiding and abetting, making false statements to a federal agency, and fraud and mail fraud as a deprivation of honest services. Rooney's counsel successfully negotiated a plea agreement with the Government.[2] Under its terms, Rooney agreed to plead guilty to a one-count information which alleged:

---

[2] Plea Agreement, Jan. 9, 2015, ECF No. 277.

## COUNT ONE
(18 U.S.C. §§ 208 and 2)
(Acts Affecting a Personal Financial Interest and Aiding and Abetting)

Beginning on or about March 2, 2002 and continuing through and including August 2010, in the Western District of Texas, the Western District of North Carolina and elsewhere, the defendant, **RICHARD CRAIG ROONEY**, who at all times during the period alleged herein, was an employee of the Executive Branch of the United States Government, that is, an active duty soldier of officer level rank and pay in the United States Army, United States Department of Defense, aided and abetted by defendant, **CHARLIE TAKHYUN SONG**, participated personally and substantially as a Government employee, through decision making, recommendation and otherwise, in a Government contract and claim and other particular matter in which defendants knew defendant Rooney had a financial interest, that is: the defendant, Richard Craig Rooney, as an Army surgeon, caused the Department of Defense to order and pay for medical equipment, knowing that he received remuneration for consultation on, and the design and testing of, said equipment in violation of Title 18, United States Code, Sections 208 and 2.[3]

Rooney acknowledged in the plea agreement "that any sentence imposed can be up to the maximum allowed by statute for the offense to which the defendant is pleading guilty."[4] He also waived "the right to contest the sentence in any post-conviction proceeding" except when his counsel provided constitutionally ineffective assistance or the prosecutor engaged in misconduct.[5] In exchange, the Government agreed to dismiss the indictments pending against Rooney.

Attached to the plea agreement was a factual basis supporting Rooney's guilty plea:

The defendant Rooney now admits that he participated personally

---

[3] Information, Jan. 9, 2015, ECF No. 274.

[4] Plea Agreement 3.

[5] *Id.* at 4.

and substantially as a government employee in making the decision
and recommendation for CRDAMC and WBAMC to contract with
Altiva and Allure to purchase spinal implants and instruments for
his use as a physician when he knew he had a financial interest in the
products recommended.[6]

At Rooney's re-arraignment, the prosecutor provided a factual basis for the charge. She explained that Rooney participated in governmental decisions which resulted in his personal gain:

The Defendant Rooney now admits that he participated personally
and substantially as a Government employee in making the decision
and recommendation for the two military hospitals which are
members of the United States Army or offices of the United States
Army and the United States Executive Branch of Government to
contract with Altiva and Allure to purchase spinal implants and
instruments for his use as a physician when he knew he had a final
[sic] interest in the products recommended.[7]

During the plea colloquy, the Court also explained the nature of the offense, and asked Rooney to enter a plea:

THE COURT: Mr. Rooney, if you were to proceed to trial,
sir, on the single-count Information, for you to be convicted of acts
affecting a personal financial interest, the Government would be
obligated to prove beyond a reasonable doubt that you, who at all
times during the period alleged herein, was an employee of the
Executive Branch of the United States Government, that is, an
active duty soldier or officer level rank -- of officer level rank and
pay in the United States Army, United States Department of
Defense; That you participated personally and substantially as a
Government employee, through decision-making recommendation
and otherwise, in a Government contract and claim and other
particular matter in which you knew you had a financial interest;
and That you, as an Army surgeon, caused the Department of
Defense to order and pay for medical equipment, knowing that you
received remuneration for consultation on and the design and testing

---

[6] *Id.* at 11.

[7] Plea Tr. 32, Dec. 21, 2015, ECF No. 346.

of the said equipment. Now, do you understand what the
Government would be obligated to prove for you to be convicted of
acts affecting a personal financial interest, Mr. Rooney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: To the single-count Information charging
you with acts affecting a personal financial interest, how do you
plead, sir, guilty or not guilty?

THE DEFENDANT: Your Honor, I plead guilty.[8]

The Court accepted Rooney's plea, and sentenced him to thirty months' imprisonment followed by three years' supervised release. Rooney did not appeal.

In his § 2255 motion, Rooney asserts two grounds for relief. He first maintains the thirty-month sentence exceeds the statutory maximum of one year in prison. He also asserts his counsel provided constitutionally ineffective assistance. He asks the court to "vacate the felony conviction" and enter a "misdemeanor conviction and sentence."[9]

## APPLICABLE LAW

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[10] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and

---

[8] Id. at 25-26.

[9] Mem. in Supp. 18, Jan. 21, 2016, ECF No. 361.

[10] United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001) (citing United States v. Frady, 456 U.S. 152, 164 (1982)).

would, if condoned, result in a complete miscarriage of justice.'"[11]  Typically, before a court will grant relief pursuant to § 2255, the movant must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[12]

An ineffective-assistance-of-counsel claim presented in a § 2255 motion is analyzed under the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).[13]  To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.[14]  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.[15]  If the movant fails to prove one prong, it is not necessary to analyze the other.[16]

---

[11] United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (quoting United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[12] United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[13] Willis, 273 F.3d at 598.

[14] Strickland v. Washington, 466 U.S. 668, 689–94 (1984).

[15] United States v. Dovalina, 262 F.3d 472, 474–75 (5th Cir. 2001).

[16] See Armstead v. Scott, 37 F.3d 202, 210 (5th Cir.1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence.[17] A court may deny a § 2255 motion, however, if "the files and records of the case conclusively show that the prisoner is entitled to no relief."[18] When a court finds that the movant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[19] Thus, the Court has "'broad and flexible power . . . to fashion an appropriate remedy.'"[20]

With these principles in mind, the Court will address Rooney's claims.

## ANALYSIS

### A. Rooney's Sentence Exceeds the Statutory Maximum

Rooney notes he pleaded guilty to an information charging him with one count of participating "personally and substantially" as a government employee in acts affecting his

---

[17] Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980) (citing United States v. Kastenbaum, 613 F.2d 86, 89 (5th Cir. 1980)).

[18] 28 U.S.C. § 2255(b) (2012); see also United States v. Drummond, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence–and not necessarily direct evidence–that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

[19] 28 U.S.C. § 2255(b).

[20] United States v. Stitt, 552 F.3d 345, 355 (4th Cir. 2008) (quoting United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997)); see also Andrews v. United States, 373 U.S. 334, 339 (1963) ("[T]he provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a . . . flexible remedy."); United States v. Torres-Otero, 232 F.3d 24, 30 (1st Cir. 2000) ("As an initial matter, we note the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority. . . . This is so because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.' ") (quoting United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997)).

personal financial interests, in violation of 18 U.S.C. § 208.[21] He further notes the information did not allege his conduct was "willful."[22] Accordingly, he argues, the statutory maximum penalty for his offense was "not more than one year in prison."[23] At sentencing, however, he explains the Court relied on erroneous information that he faced a statutory maximum of five years in prison, and "ultimately imposed a sentence of 30 months in custody."[24] Rooney maintains, therefore, the sentence imposed by the Court exceeded the statutory maximum.[25]

Punishment for a violation of § 208 is determined by whether the defendant acted willfully:

> **(1)** Whoever engages in the conduct constituting the offense shall be imprisoned for not more than one year or fined in the amount set forth in this title, or both.
>
> **(2)** Whoever willfully engages in the conduct constituting the offense shall be imprisoned for not more than five years or fined in the amount set forth in this title, or both.[26]

In light of the allegation in the information, the factual basis included in the plea agreement, the factual basis given at the plea hearing, and the discussion of the offense during the plea colloquy — none of which include a claim of willfulness — Rooney argues his offense falls

---

[21] Mem. in Supp. 1, 3, Jan. 21, 2016, ECF No. 361 (quoting Information, Jan. 9, 2015, ECF No. 274).

[22] *Id.* at 3.

[23] *Id.* at 1 (citing 18 U.S.C. § 216 (2012) (discussing offenses under 18 U.S.C. § 208 and related statutes)).

[24] *Id.* at 4.

[25] *Id.* at 10.

[26] 18 U.S.C. § 216 (2012).

within the sentencing parameters of subsection (1). Consequently, according to Rooney, there was no legal basis for the Court to sentence him to a term greater than one year in prison.

The Government counters that by making this argument, Rooney has shown he did not knowingly and voluntarily enter his plea. The Government explains that "[w]here a defendant pleads guilty to a crime without having been informed of the crime's elements, ... the plea is invalid."[27]

The information did *not* charge Rooney with willfully engaging in the conduct constituting the offense; it charged him with participating personally and substantially as a Government officer in acts affecting his financial interests.[28] Thus, willfulness was not an element of the offense as charged, and the Court had no reason to advise Rooney regarding a willful *mens rea* requirement at the time he entered his plea.[29] Under these circumstances, the Court correctly concluded that Rooney voluntarily entered his plea.[30]

The Government also asserts that Rooney has repudiated the plea agreement. Relying in part on United States v. Kim, the Government explains "'[w]hen defendant repudiates the plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, there is no double jeopardy (or other) obstacle to restoring the relationship between defendant and

---

[27] Gov't's Resp. 9, Mar. 3, 2016, ECF No. 375 (quoting Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (citing Henderson v. Morgan, 426 U.S. 637 (1976))).

[28] Information, Jan. 9, 2015, ECF No. 274.

[29] Plea Tr. 25-26, Dec. 21, 2015, ECF No. 346.

[30] *Id.* at 39.

state as it existed prior to the defunct bargain.'"[31]

In Kim, a grand jury charged a husband and wife with three counts of tax evasion, each count a violation of 26 U.S.C. § 7201. Section 7201 provides "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall ... be guilty of a felony ..."[32] Thus, the Government had the burden of showing the Kims acted willfully. Under the terms of a plea agreement, Mr. Kim agreed to plead guilty to count two in exchange for the dismissal of the remaining counts against him and of all counts against his wife. At the sentencing hearing, however, Mr. Kim presented evidence that he lacked the willfulness required for the offense of tax evasion. Because Mr. Kim disputed the willfulness element of the offense, the Court declined to accept his plea, and it set the matter for trial.[33] The Fifth Circuit Court of Appeals later opined that "if a defendant withdraws his guilty plea after conviction on that plea, the Double Jeopardy Clause does not prohibit trial on the same charge."[34]

In this case, however, the information charged Rooney with a violation of 18 U.S.C. § 208. According to § 208, "whoever, being an officer or employee of the executive branch ... through ... recommendation ... for a ... contract ... in which, to his knowledge, he ... has a financial interest ... [s]hall be subject to the penalties set forth in section 216 of this title."[35] Section 216 provides

---

[31] Gov't's Resp. 12 (quoting United States v. Kim, 884 F.2d 189, 191 (5th Cir. 1989)).

[32] 26 U.S.C. § 7201 (2012) (emphasis added).

[33] Kim, 884 F.2d at 191.

[34] Id. at 192 (citing Clark v. Blackburn, 605 F.2d 163, 64 (5th Cir. 1979)).

[35] 18 U.S.C. § 208 (2012).

that punishment for a § 208 violation depends on whether the defendant acted willfully. If the offense falls within the sentencing parameters of § 216(1), the defendant may be imprisoned for not more than one year. If the offense falls within the sentencing parameters of § 216(2), the defendant may be imprisoned for not more than five years. An individual can, therefore, violate § 208 and be imprisoned for up to one year without acting willfully.

Neither the information nor the plea agreement alleged that Rooney acted willfully. Thus, Rooney could plead guilty to the information while claiming that he did not act willfully without repudiating the plea agreement. Moreover, Rooney could, under the terms of the plea agreement, also challenge any sentence imposed in excess of "the maximum allowed by statute for the offense to which the defendant is pleading guilty" without repudiating the plea agreement.[36] The Court will accordingly deny the Government's motion to set aside the plea and reinstate the indictments.

Furthermore, the Court finds that Rooney's offense falls within the sentencing parameters of § 216(1), and he may be imprisoned for not more than one year. The Court additionally finds that Rooney's thirty-month sentence was, therefore, in excess of the maximum authorized by law and he is entitled to relief on this claim.

However, a collateral challenge to a conviction or sentence may not serve as a substitute for a direct appeal.[37] When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate "cause" for not

---

[36] Plea Agreement 3, Jan. 9, 2015, ECF No. 277.

[37] United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991).

raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted.[38] The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal."[39] If the movant does not meet either burden, then he is procedurally barred from attacking his conviction or sentence.[40] This procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel.[41]

### B. Counsel Provided Constitutionally Ineffective Assistance

Rooney maintains his trial counsel discovered, shortly after he entered his plea, the Government had mistakenly advised the Court that he faced up to five years in prison.[42] Despite this, he notes his trial counsel took no steps to rectify this situation before sentencing.[43] "In essence, counsel chose to sit in silence as Dr. Rooney was sentenced to a prison term that was more

---

[38] United States v. Torres, 163 F.3d 909, 911 (5th Cir. 1999) (quoting United States v. Sorrells, 145 F.3d 744, 749 (5th Cir. 1998)).

[39] United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996).

[40] United States v. Drobny, 955 F.2d 990, 994–95 (5th Cir. 1992).

[41] See United States v. Willis, 273 F.3d 592, 597 n.7 (5th Cir. 2001) ("We note that the procedural default rule does not apply to claims that could not have been raised on direct appeal[.]"); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992) (stating that the general rule in the Fifth Circuit is that, except in rare instances where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations).

[42] Mem. in Supp. 13, Jan. 21, 2016, ECF No. 361.

[43] *Id.*

than twice as long as the statutory maximum ..."[44] Moreover, he claims his counsel never advised him of the right to challenge his sentence.[45]

As the Court noted above, to prove constitutionally ineffective assistance of counsel under the two-pronged Strickland test, Rooney must show that his attorney's performance was deficient and that he suffered prejudice as a result of the deficient performance.[46]

Under the first prong, counsel's performance is deficient if it falls "below an objective standard of reasonableness."[47] "This reasonableness standard requires counsel 'to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention.'"[48] Rooney's counsel failed to meet this standard in that she failed to argue that her client could not receive more than one years' imprisonment for the offense charged.

Under the second prong, to prove prejudice, "the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[44] *Id.* at 14.

[45] *Id.* at 17.

[46] Strickland v. Washington, 466 U.S. 668, 687 (1984).

[47] *Id.* at 688.

[48] United States v. Phillips, 210 F.3d 345, 348 (5th Cir.2000) (quoting United States v. Williamson, 183 F.3d 458, 462-63 (5th Cir.1999)).

would have been different.'"[49] In this case, "but for counsel's unreasonable failure," Rooney would have received a far lesser sentence.[50] Furthermore, "any amount of actual jail time has Sixth Amendment significance,"[51] which constitutes prejudice for purposes of the Strickland test.[52]

Given the Court's finding that a one-year term of imprisonment was the maximum allowable, and that the error in sentencing was obvious, it follows that Rooney's trial counsel was ineffective. Rooney is entitled to the relief he seeks — to have his sentence reduced to not more than one year in prison.

## EVIDENTIARY HEARING

A motion brought pursuant to § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[53] The record in this case is adequate to dispose fully and fairly of Rooney's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

---

[49] United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002) (quoting Strickland, 466 U.S. at 694).

[50] Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001).

[51] Glover v. United States, 531 U.S. 198, 203 (2001).

[52] See, e.g., United States v. Franks, 230 F.3d 811, 815 (5th Cir.2000) (three extra months equals prejudice).

[53] See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability ..."[54] Because the Court will grant Rooney his requested relief, the Court will deny him a certificate of appealability.

## CONCLUSION AND ORDERS

For the reasons stated above, the Court finds that Rooney is entitled to § 2255 relief. The Court, therefore, concludes that it should grant Rooney's motion. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that the Government's motion to set aside the plea and reinstate the indictments (ECF No. 375) is **DENIED**.

**IT IS ALSO ORDERED** that Rooney's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (ECF No. 360) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court shall enter an amended judgment Rooney's criminal case.

**IT IS ALSO ORDERED** that Rooney is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions in this cause are also **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED on this ___3rd___ day of ___May___, 2016.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[54] 28 U.S.C. § 2253(c)(1)(B) (2012).